```
                          UNITED STATES DISTRICT COURT
                            DISTRICT OF CONNECTICUT
```

```
-------------------------------x
                               :
CRYSTAL S. P.                  :   Civ. No. 3:20CV01921(SRU)
                               :
v.                             :
                               :
KILOLO KIJAKAZI,               :
ACTING COMMISSIONER, SOCIAL    :
SECURITY ADMINISTRATION        :
                               :   October 1, 2021
-------------------------------x
```

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES IN ACCORDANCE WITH THE STIPULATION OF THE PARTIES**

Plaintiff Crystal S. P. ("plaintiff") filed concurrent applications for Disability Insurance Benefits and Supplemental Security Income on September 21, 2018, alleging disability beginning March 2, 2018. See Certified Transcript of the Administrative Record, Doc. #13, compiled on April 14, 2021, (hereinafter "Tr.") at 234-44. Plaintiff's applications were denied initially on December 17, 2018, see Tr. 159-66, and upon reconsideration on May 23, 2019. See Tr. 171-77.

On February 26, 2020, plaintiff, represented by Attorney Richard B. Grabow, appeared and testified at a hearing before Administrative Law Judge ("ALJ") Eskunder Boyd. See generally Tr. 34-75. On March 19, 2020, the ALJ issued an unfavorable decision. See Tr. 12-32. On October 28, 2020, the Appeals Council denied plaintiff's request for review of the ALJ's decision, thereby making the ALJ's March 19, 2020, decision the

1

final decision of the Commissioner. See Tr. 1-6. Plaintiff timely appealed that decision to this Court on December 24, 2020. [Doc. #1]. On January 25, 2021, Chief Judge Stefan R. Underhill referred this matter to the undersigned "for all purposes including issuing a recommended ruling." Doc. #9.

On April 15, 2021, after having received an extension of time, see Soc. #12, the Commissioner (hereinafter the "defendant" or the "Commissioner") filed the official transcript. [Doc. #13]. On June 21, 2021, after also having received an extension of time, see Doc. #16, plaintiff filed a Motion to Reverse the Decision of the Commissioner. See Doc. #17. On August 19, 2021, defendant filed a Consent Motion to Remand to Agency under Sentence Four of 42 U.S.C. §405(g). [Doc. #19]. On August 24, 2021, Judge Underhill granted defendant's Consent Motion to Remand. See Doc. #20. Judgment entered for plaintiff on that same date. [Doc. #22].

On September 22, 2021, plaintiff filed a motion for attorney's fees, seeking payment of fees in the amount of $6,975.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412 and the parties' stipulation. See generally Doc. #23 (hereinafter the "Motion for Attorney's Fees"). Plaintiff states that although counsel has incurred $7,480.90 in fees in connection with the appeal, "the parties have stipulated to a lesser amount, as reflected in the filed stipulation $6,975.00."

2

Id. at 1 (sic). Attached to plaintiff's Motion for Attorney's Fees is plaintiff's counsel's "Affidavit re: Time" (hereinafter the "Affidavit"), which itemizes the time expended by plaintiff's counsel in this matter. See Doc. #23-2. Shortly after plaintiff filed the Motion for Attorney's Fees, counsel for defendant filed the Stipulation for Allowance of Fees under the EAJA (hereinafter the "Stipulation"). [Doc. #24]. The Stipulation states that the parties have agreed "that plaintiff shall be awarded attorney fees in the amount of $6,975.00 under the" EAJA "in full and final satisfaction (upon payment) of any and all claims under EAJA." Id. at 1 (sic).

Although the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated to review plaintiff's counsel's Affidavit and determine whether the proposed award is reasonable. "[T]he determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation." Pribek v. Sec'y, Dep't of Health & Human Servs., 717 F. Supp. 73, 75 (W.D.N.Y. 1989) (citation and quotation marks omitted); see also Rogers v. Colvin, No. 4:13CV00945(TMC), 2014 WL 630907, at *1 (D.S.C. Feb. 18, 2014); Design & Prod., Inc. v. United States, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case,

3

whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation"). The Court therefore has reviewed the itemization of hours expended by plaintiff's counsel to determine whether the agreed upon fee amount is reasonable.

For the reasons set forth herein, the Court **APPROVES and SO ORDERS** the parties' Stipulation [**Doc. #24**], and **GRANTS** the Motion for Attorney's Fees [**Doc. #23**], for the stipulated amount of **$6,975.00**.

## DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the EAJA, 28 U.S.C. §2412, the purpose of which is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (citing Sullivan v. Hudson, 490 U.S. 877, 883 (1989)). In order for an award of attorney's fees to enter, this Court must find (1) that the plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4) that the fee petition was filed within thirty days of final judgment. See 28 U.S.C. §2412(d)(1)(B).

Plaintiff's attorney claims fees for 35 hours of work at a rate of $213.75 per hour. See Doc. #23-2 at 2. The parties have reached an agreement under which defendant would pay $6,975.00 in fees, which represents approximately 32.6 hours of attorney time. It is plaintiff's burden to establish entitlement to a fee award, and the Court has the discretion to determine what fee is "reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983) (interpreting 42 U.S.C. §1988, which allows a "prevailing party" to recover "a reasonable attorney's fee as part of the costs").[1] This Court has a duty to review plaintiff's Affidavit to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" Id. at 434. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." J.O. v. Astrue, No. 3:11CV01768(DFM), 2014 WL 1031666, at *1 (D. Conn. Mar. 14, 2014) (quoting Perdue v. Kenny A., 559 U.S. 542, 558 (2010)).

Here, the Court finds that plaintiff has satisfied the requirements of 28 U.S.C. §2412(d)(1)(B), and that an award of fees may enter. Specifically, the Court finds that: (1) plaintiff is a prevailing party in light of the Court ordering a

---

[1] The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Hensley, 461 U.S. at 433 n.7.

5

remand of this matter for further administrative proceedings; (2) the Commissioner's position was without substantial justification; (3) on the current record, no special circumstances exist that would make an award unjust; and (4) the fee petition was timely filed.[2] See 28 U.S.C. §2412(d)(1)(B). The Court next turns to the reasonableness of the fees sought.

In this case, plaintiff's counsel seeks payment for 32.6 hours of work, reduced from the 35 hours actually expended. See generally Docs. #23, #23-2. The administrative transcript in this case was comprised of a substantial 1,676 pages and plaintiff's counsel submitted a thorough and well-reasoned brief. See generally Doc. #17-1. The Court finds the attorney time reasonable for the work claimed, including: review of the administrative transcript [Doc. #13]; preparation of the motion to reverse and supporting memorandum [Docs. #17, #17-1]; and

---

[2] Plaintiff's motion is timely because it was filed within thirty days after the time to appeal the final judgment had expired. See Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991) ("[A] 'final judgment' for purposes of 28 U.S.C. §2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."). "The notice of appeal may be filed by any party within 60 days after entry of the judgment" in cases where, as here, one of the parties is "a United States officer or employee sued in an official capacity[.]" Fed. R. App. P. 4(a)(1)(B), (B)(iii). In this case, the 30-day EAJA clock would begin to run on October 25, 2021, 60 days after judgment for plaintiff entered. Plaintiff filed the Motion for Attorney's Fees on September 21, 2021, well before the expiration of the filing deadline. See Doc. #23.

preparation of the statement of material facts [Doc. #17-2]. Cf. Rodriguez v. Astrue, No. 3:08CV00154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009) ("Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." (quotation marks and multiple citations omitted)); see also Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1012 (E.D. Wis. 2004); cf. Barbour v. Colvin, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014).

The Court further finds that the 32.6 hours claimed in attorney time is reasonable. "Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute." Poulin v. Astrue, No. 3:10CV01930(JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012)(citations and quotation marks omitted); Cobb v. Astrue, No. 3:08CV01130(MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009). Accordingly, the Court finds that the claimed time is reasonable, particularly in light of the parties' stipulation, which adds weight to the claim that the fee award claimed is reasonable.

Therefore, an award of **$6,975.00** in fees is appropriate, and the Court **APPROVES and SO ORDERS** the parties' Stipulation

7

[**Doc. #24**], and **GRANTS** the Motion for Attorney's Fees [**Doc. #23**], for the stipulated amount of **$6,975.00**.

SO ORDERED at New Haven, Connecticut this 1st day of October, 2021

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE